16 F.3d 1219
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Bruce Dehaven GODBOLDO, Petitioner-Appellant,
v.
Sherry L. BURT, Warden, Ryan Correctional Facility,
Respondent-Appellee.
 No. 93-1260.
 United States Court of Appeals, Sixth Circuit.
 Feb. 1, 1994.
 
 1
 Before: MILBURN and BOGGS, Circuit Judges, and MILES, Senior District Judge.*
 
 ORDER
 
 2
 Bruce Godboldo, a pro se Michigan prisoner, appeals a district court judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 On December 12, 1984, a jury found Godboldo guilty on alternative counts of felony murder and premeditated first degree murder. He was sentenced to mandatory life imprisonment. The Michigan Court of Appeals affirmed his conviction and the Michigan Supreme Court denied his request for review. Thereafter, the Recorder's Court for the City of Detroit denied Godboldo's motion for a new trial. The Michigan Court of Appeals denied Godboldo's delayed application for leave to appeal, as did the Michigan Supreme Court.
 
 
 4
 Godboldo then filed his current petition for a writ of habeas corpus alleging that: 1) the trial court compelled him to be a witness against himself when it admitted into evidence his allegedly coerced written and tape-recorded statements; 2) the trial court denied him the opportunity to confront a witness against him when the trial court dismissed prosecution witness Joel Godboldo during his direct examination without permitting Godboldo an opportunity to cross-examine the witness; 3) the trial court denied him the opportunity to confront a witness against him when the trial court accepted into evidence the tape-recorded statements of his co-defendant, Adams; and 4) the state did not introduce sufficient evidence to establish the elements of armed robbery or a willful, deliberate or premeditated murder to establish his guilt beyond a reasonable doubt. The magistrate judge filed a report recommending that the district court dismiss the petition as without merit. Over Godboldo's objections, the district court adopted the magistrate judge's recommendation and dismissed the petition. Godboldo filed a timely appeal.
 
 
 5
 Upon review, we affirm the district court's judgment because Godboldo has not shown that his trial was fundamentally unfair. See Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 495 U.S. 950 (1990).
 
 
 6
 Godboldo's claim that he was compelled to be a witness against himself when the trial court admitted into evidence his allegedly psychologically coerced written and tape-recorded statements is without merit because the circumstances of Godboldo's questioning establish that he knowingly, intelligently and voluntarily waived his rights. See Miranda v. Arizona, 384 U.S. 436, 475-79 (1966); United States v. Hall, 905 F.2d 959, 963 (6th Cir.1990), cert. denied, 111 S.Ct. 2858 (1991).
 
 
 7
 Godboldo's claims that he was denied the opportunity to confront the witnesses against him are also without merit. As to witness Joel Godboldo, the trial court, at defense counsel's request, urged the prosecutor to excuse the witness because he was unresponsive and appeared to be intoxicated. As to the admission of the statements made by Godboldo's non-testifying co-defendant, the trial court properly admitted the tape-recorded statements because they fit within a firmly rooted exception to the hearsay rule and were supported by strong guarantees of trustworthiness. See White v. Illinois, 112 S.Ct. 736, 741-43 (1992). Godboldo assented to or adopted the inculpatory statements made by his co-defendant during the questioning. See Fed.R.Evid. 801(d)(2)(B); United States v. Wiseman, 814 F.2d 826, 828 (1st Cir.1987).
 
 
 8
 Finally, there was sufficient evidence presented to support Godboldo's convictions. See Jackson v. Virginia, 443 U.S. 307, 319 (1979).
 
 
 9
 Accordingly, we hereby affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Wendell A. Miles, Senior U.S. District Judge for the Western District of Michigan, sitting by designation